# HENRY SANDARS *versus* ANDREW WESBROOK

## October 31, 1825

William A. Fletcher, attorney for Sandars.
Charles Larned and George A. O'Keeffe, attorneys for Wesbrook.

### [OPINION]

Henry Sanders vs Wesbrook
Wesbrook vs Sanders— On Certiorari for Justice John K. Smith. Certiorari

This action appears to have been a voluntary or amicable suit entered under the 27. Section of the law of the Territory, defining & regulating jurisdiction of Justices of the peace in civil matters— The action was commenced by the parties for the purpose of a submission of their dificulties to arbitrators under a rule of the Magistrates Court. The submission was made to Henry Cotterell, Amasa Heminger & John C Brown, indepently chosen by the parties "for the purpose of adjudging and determining of and concerning all manner of actions, causes of actions, suits, Bills Bonds, specialties, judgments, executions, extents, controversies Tresspasses, damages and demands, whatever in Law and equity or otherwise howsoever and to have the Court record judgment for the same award, said award to be made out and delivered the Court &c"

The arbitrators under the submission, heard the parties, examined testimony and made their award within the time limited by the rule—No exceptions were made to the award before the Magistrate, previous to the entry of Judgment by either of the parties— A writ of Certiorari has been prosecuted from this Court, in obedience to which the Justice has sent up the transcript of his record— Several exceptions have been taken to the judgment and proceedings of the magistrate, which are assn^d as error by Wesbrook—

1^s That the magistrate exceeded his jurisdiction in the entry of the rule of submission, in manner as set forth—

2^d That the award is uncertain

3^d That the arbitrators wholly erred and misbehaved, by the admission of illegal and improper testimony—

4th That they erred in including sundry Items of fees &c entered in the justices docket, as a part of their award, such docket not having been given to them in evidence—

5. That the justice erred, in that he allowed the arbitrators 4.50 cts as fees and Compensation for their services in hearing and making up their award

So far as respects the 3 & 4th exceptions, I think this Court not authorised to sustain or enter into the merits or demerits of the proceedings of the arbitrators—

It is evident that the intention of the Legislature was that the award when made should be final on the merits, as the law takes away the right of appeal— All awards are open to objections going to impeach the arbitrators and may be set aside for good cause shewn— But the objections must be made before the Court who are authorised to enter judg$^t$ and before the Judgment is entered— Had Wesbrook been dissatisfied with the award, he might have filed his objections before the Justice, on the return of the award and before Judg$^t$— In that way they might have been incorporated in the record and been presented to this Court— Had that course been pursued the Court might have revised the Conduct of the arbitrators, and have granted relief to Wesbrook, if entitled to it   But under the record as presented, I think the Court have no power to enquire into the proceedings of the arbitrators—

On the 2$^d$ error— It is contended that the award is uncertain and inconclusive, upon the facts and the matters in controversy— It is stated judgments were submitted, and that the award will not bar executions on those judgments by either of the parties, therefore arguendo it is contended that the award is not, final and conclusive upon the parties, upon the matters submitted—

Had the present award been made under a Bond and condition of equal latitude, I incline to think it would have been a good award— and that any prior judgments that might have been taken into Consideration by the arbitrators, as forming items on which their award should be made up, would be Barred and satisfied, and on that fact being shewn would be enjoined— The object of an arbitration is to close the Door to Litigation.— This is done by thowing all matters in dispute, before Judges of the parties own choosing, who are not bound by Technical forms and rules of pleading and evidence and by their findings may put an end to all litigation, between the parties so far as personal rights and actions are concerned—

Another objection is interposed, and has been much dwelt on by one of the Counsel for Westbrook   That the Magistrate allowed the arbitrators $4.50 for their services, and taxed the same in the costs— I take it for granted that if the arbitrators are entitled to pay at all, it cannot be less than one day— The law in no case makes provision for a less term of time, than one day— It does not, in reference to arbitrators and referees, notice a fraction of a day—

I think that the enactment in the 5th section of the act regulating references &$^c$ sufficiently broad to embrace a submission made in a Justice Court— The expression is "That in every cause referred by rule of Court"— including every Court of the Territory, authorised by Law to grant a reference under a rule— That power is expressly given to a magistrates Court and therefore is brought within the provisions of the Law— The Law allows one dollar per day to each referee & reasonable expenses— It is peculiarly the province of the Court, which makes the rule of reference to judge of the reasonable expenses— This Court has no criterion by which to form an opinion as to the correctness of this item   I cannot question the Taxation of the Justice, nor say he has erred in taxing this Item of costs, nor can I say he has erred in taxing the Costs of the witnesses— The number examined is certainly great, yet the facts before the arbitrators may have been so many and varied, as to bring the number within the Law, which directs that not more than Two witnesses to a single fact should be allowed in taxing Costs— We must presume that the Justice taxed the costs according to Law, as the Contrary does not appear—

There remains still one point to be examined, which is the first error assigned,

and goes to the jurisdiction of the Justice— On this point I have no doubt— The record itself on the face of it, is in my Opinion conclusive of the question—

A Magistrates Court is of a limited as well as of an inferior jurisdiction— It is restrained in jurisdiction to a particular description of cases— and where jurisdiction is given it is limitted by the extent of the demand or value in controversy— It is a statute jurisdiction in derogation of the common Law rights of the Citizen— The jurisdiction therefore must be apparent on the face of the record, otherwise it is error, this Court will not presume jurisdiction

In the Case before the Court the record states, that the parties appeared and entered an amicable suit— but it does not state what the Cause of dispute was or the nature of the action— which it was his duty to have set forth in order to sustain jurisdiction— It does not appear to this Court by his shewing that he had jurisdiction, unless we assume the fact from the finding of the arbitrators, an inference which I think the Court Cannot make— As that finding may from ought that appears have resulted, from the investigation of large demands, wholly out of the Jurisdiction of a Justice of the peace—

By the 27 Section of the act, the Justice is authorised if the parties consent, to submit a Case intered with him to arbitrators to report on such cause— the Law restrains his powers and jurisdiction, to the cause pending and which stands entered on his docket— He cannot assume any Latitude or give authority to the arbitrators, to hear or investigate any demand or causes of action, other than the one entered with him— In the present instance, the submission purports to include within its terms, matters which could not be embraced in the same action, which in my opinion is error & for that cause the proceedings and Judg^t ought to be set aside and reversed—